ENCARNACIÓN, PLAINTIFF AND APPELLANT, v. BANCO COMERCIAL DE PUERTO RICO, DEFENDANT AND APPELLEE.

APPEAL from the District Court of San Juan, Section 1, in an Action to Recover Money Deposited and Damages.

No. 1346.—Decided November 10, 1915.

BANK DEPOSIT—ORDER TO WITHDRAW.—A bank is bound to part with the funds of its depositor upon an order duly emanating from the depositor. It has a right to make certain reasonable conditions for withdrawals and it may waive them even so far as to accept an oral order.

ID.—FORMALITIES IN PAYING OUT DEPOSIT.—A depositor has no right to complain of the lack of formalities on the part of a bank in paying out his funds if he gives due authority therefor. The formalities are understood to be in the bank's favor.

Signature—Witness.—According to section 392 of the Political Code and the opinion of this court in the case of *Vendrell* v. *Pillot,* 21 P. R. R. 143, one witness is sufficient to the signature of another person.

The facts are stated in the opinion.

*Mr. Antonio Trujillo Güil* for the appellant.

*Mr. Antonio Sarmiento* for the appellee.

Mr. Justice Wolf delivered the opinion of the court.

The essential facts set up by the complainant in this case are that Ignacia Encarnación, had a deposit of $650 in the Banco Comercial de Puerto Rico and that when she went to withdraw a certain sum she was told that she only had a balance of $50 whereas, anticipating the defense, she asserts that she never authorized anyone to withdraw any part of her deposits.

The answer, on the other hand, sets up that Ignacia Encarnación, not knowing how to write, authorized Domingo Pérez to withdraw, in whole or in part, the funds she had to her credit and that on May 14, 1914, by means of a check signed by said Pérez, the latter withdrew the sum of $600. The answer also sets up that the complainant gave her consent to the transaction, meaning thereby that she ratified the act, but the alleged proof of such ratification does not satisfy us that she knowingly ratified the act of Domingo.

The real question in this case was whether Ignacia Encarnación gave due authority to Domingo Pérez to withdraw her funds. As bearing on this question the complainant offered evidence tending to show that on another occasion, namely, when she did withdraw the sum of $50, the balance the bank admitted, the latter required several conditions or formalities, such as signing in the presence of bank officials and actual presence of the complainant at the bank, or the like. But if the initial authority to Pérez was clear, the fact that the bank took no great precaution to make him prove his power of attorney or his check, could make no difference. A bank is bound to part with the funds of a depositor upon a due order

emanating from the depositor. It has a right to make certain reasonable conditions for withdrawals and it may waive them even so far as to accept an oral order. 3 Ruling Case Law, section 171, Tit. Banks. The formalities are in the bank's favor. A depositor has no right to complain of the lack of formalities if due authority did emanate from such depositor.

Examining the facts developed at the trial, we find that there was evidence tending to show that Ignacia Encarnación, not knowing how to write, gave a power of attorney to Domingo Pérez which she signed with a cross in the alleged presence of two witnesses. It is true that one of the said witnesses testified that he did not know the complainant, that he had never seen her write and that he signed the paper in question to oblige Domingo Pérez, having confidence in him and the other subscribing witness. The said other subscribing witness gave a detailed account of the signing of the instrument. One witness is sufficient to a signing by another. Section 392 of the Political Code and the opinion of this court in *Vendrell* v. *Pillot,* 21 P. R. R. 143. The sufficiency of the power of attorney, if genuine, is not seriously questioned. While the complainant denied that she had ever signed the alleged power of attorney the issue of facts so raised was a conflict to be decided by the judge of the court below. However, following the request of the defendant and examining the facts as recited in connection with other circumstances in the case, we are satisfied that the preponderance of the evidence was in favor of the defendant.

The judgment must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro and Aldrey concurred.

Mr. Justice Hutchison took no part in the decision of this case.